UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEXTER MCCALL, FANNIE GEORGE GERALDINE GRIFFIN AND YVONNE DAVIS § § § § § § VS. § § § § FRIENDSHIP HAVEN, INC, FRIENDSHIP § HAVEN NURSING CENTERS, LTD, § HEALTHCARE SERVICES GROUP, INC., § JOHN BALLARD, INDIVIDUALLY AND § AS AGENT THEREOF, § GREG EATCHEL, INDIVIDUALLY AND § AS AGENT THEREOF, JANET LE, § INDIVIDUALLY AND AS AGENT § THEREOF § | | CIVIL ACTION _____ [JURY] |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, PLAINTIFFS and file this, their Original Complaint alleging racial discrimination against DEFENDANTS and violations of the FMLA as set out below and show this Honorable Court the following:

### I.
### PARTIES

1. Plaintiff, Dexter McCall is an individual who resides in Galveston, Galveston County, Texas.

2. Plaintiff, Fannie George is an individual who resides in Dickinson, Galveston County, Texas.

3. Plaintiff, Geraldine Griffin is an individual who resides in Houston, Harris County, Texas.

4.     Plaintiff, Yvonne Davis is an individual who resides in Houston, Harris County, Texas.

5.     Defendant, Friendship Haven, Inc. is a Texas corporation with its principal place of business in Friendswood, Brazoria County, Texas. Plaintiffs request issuance of citation and will serve said Defendant with process on registered agent, William P. Jones, 1500 Sunset Dr., Friendswood, Texas 77546.

6.     Defendant, Friendship Haven Nursing Centers, Ltd. is a Texas corporation with its principal place of business in Friendswood, Brazoria County, Texas. Plaintiffs request issuance of citation and will serve said Defendant with process on registered agent, Kent Ballard, 1501 Carolina Ct., Friendswood, Texas 77546.

7.     Defendant, Healthcare Services Group, Inc. is a foreign (Pennsylvania) corporation doing business in the state of Texas. Plaintiffs request issuance of citation and will serve said Defendant with process on registered agent, CSC, 211 E. 7th Street, Austin, Texas 78701-3218.

8.     Defendant, John Ballard is an individual residing in Houston, Harris County, Texas. Plaintiffs request issuance of citation and will serve said Defendant with process personally, wherever he may be found.

9.     Defendant, Greg Eatchel is an individual residing in Houston, Harris County, Texas. Plaintiffs request issuance of citation and will serve said Defendant with process personally, wherever he may be found.

10.    Defendant, Janet Le is an individual residing in Houston, Harris County, Texas. Plaintiffs request issuance of citation and will serve said Defendant with process personally, wherever she may be found.

## II.
## JURISDICTION

Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs as fully set forth herein.

11. This action is an action brought pursuant to 42 U.S.C §1981 as to all named Plaintiffs.

12. This is also an action under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq* ("FMLA") to correct unlawful employment practices and to afford appropriate relief to Plaintiffs Fannie George, Geraldine Griffin and others, who were adversely affected by such practices. Jurisdiction is founded upon 28 U.S.C. §§1331 and the aforementioned Statutory provision. Plaintiffs further invokes the supplemental jurisdiction of this Court to hear and decide claims which may arise out of Texas State Law, pursuant to 28 U.S.C. § 1367(a).

## III.
## VENUE

Plaintiffs hereby adopt and incorporate be reference all preceding paragraphs as if fully set forth herein.

13. Venue is proper in the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b) and all other applicable law. Venue is proper in the Southern District of Texas, Galveston Division, as the incidents made the basis of this lawsuit occurred in Friendswood, Brazoria County, Texas. 28 U.S.C. §1391(c).

## IV.
## STATEMENT OF THE CASE

Plaintiffs hereby adopt and incorporate be reference all preceding paragraphs as if fully set forth herein.

14. Plaintiff DEXTER MCCALL is an African American who was employed by Defendants from August 2000, when he started in the kitchen at Defendant nursing home. In connection with his employment, he endured a hostile work environment, discrimination including discriminatory demotion, wrongful/constructive discharge, disparate treatment and retaliation at the Friendswood nursing home. He was terminated on or about My 12, 2001.

15. Plaintiff FANNIE GEORGE is an African American who was employed by Defendants from January 2001, when she started in the kitchen at Defendant nursing home. In connection with her employment, she endured a hostile work environment, discrimination including discriminatory demotion, wrongful/constructive discharge, disparate treatment and retaliation at the Friendswood nursing home. She also was terminated in violation of the Family Medical Leave Act. She was terminated on January 18, 2011 while still out from recovering from a heat stroke she sustained on the job due to deplorable, inhumane employment conditions. Mrs. George was employed for Friendship Haven entities and Healthcare Services Group, Inc. full-time for over ten (10) years. The corporate defendants are large corporations that employ more than fifty (50) individuals. In the 12-month period prior to her termination, Mrs. George worked 1,250-plus hours towards her employment with the corporate defendants.

16. Plaintiff GERALDINE GRIFFIN is an African American who was employed by Defendants from 1999, when she started at Defendant nursing home. In connection with her employment, she endured a hostile work environment, discrimination including discriminatory demotion, wrongful/constructive discharge, disparate treatment and retaliation at the Friendswood nursing home. Mrs. Griffin's termination was in violation of the FMLA, as well. Mrs. Griffin was employed for Friendship Haven entities and Healthcare Services Group, Inc. full-time for over eleven (11) years. The corporate defendants are large corporations that employ more than fifty (50)

individuals. In the 12-month period prior to her termination, Mrs. Griffin worked 1,250-plus hours towards her employment with the corporate defendants. She was terminated on or about August 26, 2010.

17.     Plaintiff YVONNE DAVIS is an African American who was employed by Defendants from May 2007, when she started at Defendant nursing home. In connection with her employment, she endured a hostile work environment, discrimination including discriminatory demotion, wrongful/constructive discharge, disparate treatment and retaliation at the Friendswood nursing home. She was fired via text message while at work for Defendant on or about February 16, 2011.

18.     Defendants Friendship Haven, Inc. and Friendship Haven Nursing Centers, Ltd are Texas for-profit companies that own and operate a 150+ bed nursing and rehabilitative facility.

19.     Defendant Healthcare Services Group, Inc. is a Pennsylvania health-care subcontractor/outsourcing company that provides kitchen and housekeeping functions to nursing homes that chose to outsource these critical aspects of quality senior care.

20.     Defendant John Ballard is an individual administrator at the Friendship Haven nursing home. His actual employer at the time of the incidents giving rise to this suit is yet undetermined, as it is unknown and remains to be discovered by the Plaintiffs in this litigation.

21.     Defendant Greg Eatchel is an individual employed by Healthcare Services Group, Inc. at the time of the incidents giving rise to this suit.

22.     Defendant Janet Le is an individual who was employed by Healthcare Services Group, Inc. at the time of the incidents giving rise to this suit.

## V.
## FEDERAL CAUSES OF ACTION

**A.  42 U.S.C.A. § 1981 Race Discrimination Claims as to All Plaintiffs**

23.  42 U.S.C.A. §1981 Requires that the Plaintiff show:

(1) Plaintiff is a member of protected class;

(2) Defendant had the intent to discriminate on the basis of race; and

(3) The discrimination concerned the making and enforcing of a contract[1].

24.  Further, an employee/employer situation satisfies the contractual requirement of a §1981 claim.[2] Moreover, the Plaintiff is not required to exhaust any administrative remedies, with EEOC, or otherwise before Plaintiff has standing to bring a § 1981 claim in Federal District Court. Additionally, § 1981 claims have no caps on actual or punitive damages. Finally, individuals, as well as employers, can be held liable for § 1981 violations provided there is some reasonable relation between the individual and the act of which is complained.

**1.  Hostile Work Environment Claims Under § 1981**

25.  Plaintiff shows a claim for hostile work environment, if:

(1) He belongs to a protected class;

(2) He was subjected to unwelcome harassment by a supervisor or manager and/or co worker;

(3) The harassment complained of was based on race; and,

---

[1] See ***Bellows v. Amoco Oil Co.***, 118 Fd 268 (5th Cir 1997); ***Whidbee v. Garzarelli Ford Specialities, Inc.***, 223 F.3d 62 (2nd Cir. 2000). (Individuals can be held liable for §1981 violations in the employment - context if same are reasonably related to actions fo that individual).

[2] *See Id.* ***Whidbee v. Garzarelli Ford Specialities, Inc.***, 223 F.3d 62, 75 (2nd Cir. 2000).

   (4) The harassment complained of affected a "term, condition or privilege of his employment."[3]

26. Harassment affects a "term, condition or privilege of employment" if it is sufficiently severe or pervasive so as to alter the condition of employment and create an abusive working environment.[4] When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the victim's employment and create an abusive working environment.[5] Whether a working environment is hostile or abusive can only be determined by looking at the totality of the circumstances. These circumstances may include, but is not limited to, the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. While any relevant factor may be taken into account, no single factor is required.[6]

27. Defendants failed to exercise reasonable care to prevent and promptly correct any harassment by co-workers. Plaintiffs took advantage of what they thought were corrective opportunities provided by Defendants, to no avail.

28. Based on facts stated above, all Plaintiffs assert as § 1981 hostile work environment claims against all Defendants.

---

[3] *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343 (5th Cir. 2001).

[4] *Watts v. Kroger Co.*, 170 F.3d 505, 509-510 (5th Cir. 1999).

[5] *Wallace v. Texas Tech University*, 80 F.3d 1042, 1049 n.9 (5th Cir. 1999), *quoting Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65-67, 106 S.Ct. 2399, 91 L.Ed. 49 (1986).

[6] *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367 (1993).

### 2. Constructive Discharge

29. Plaintiffs hereby adopt and incorporate by reference the foregoing sections as fully set forth herein.

30. All Plaintiffs were wrongfully and/or constructively discharged by Defendants. To show constructive discharge the Plaintiff must show:

    (1) Employer's/Defendant's actions were deliberate, and

    (2) The working conditions were intolerable to Plaintiff forcing him to resign.[7]

31. Based on the facts stated in Sections IV and V above, all Plaintiffs assert § 1981 constructive discharge claims against Defendants.

### 3. Wrongful Discharge

32. Plaintiffs hereby adopt and incorporate by reference the foregoing sections as fully set forth herein.

33. To prove wrongful termination Plaintiffs must show that race was a motivating factor in the Defendants' decision to terminate his employment. Plaintiffs' race, African American, was the sole and/or motivating factor in the Defendants' decision to terminate said Plaintiffs. Additionally and alternatively, Plaintiffs assert § 1981 wrongful termination claims against Defendants.

### 4. Retaliation

34. Plaintiffs hereby adopt and incorporate by reference the foregoing sections as fully set forth herein.

35. Retaliation is shown when:

---

[7] *Saltzman v. Fullerton Metals Co.*, 661 F.2d 647, 651-52 (7th Cir.1981); *Pittman v. Hattiesburg Municipal Separate Sch. Dist.*, 644 F.2d 1071, 1077 (5th Cir.1981)

    (1)    employee has engaged in activity protected by Title VII and/or § 1981;

    (2)    employer took adverse employment action against employee; and

    (3)    causal connections exists between that protected activity and adverse employment action.[8]

36. All Plaintiffs assert § 1981 retaliation claims against Defendants.

### 5. Disparate Treatment

37. Plaintiffs hereby adopt and incorporate by reference the foregoing sections as fully set forth herein.

38. A Plaintiff can show disparate treatment in violation of § 1981, if race was the sole and/or motivating factor in the unfavorable treatment the Plaintiff received. All Plaintiffs assert disparate treatment in violation of § 1981 claims against all Defendants.

### B. Family Medical Leave Act as to Fannie George and Geraldine Grifffin

39. Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit the following actions:

    (1)    An employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

    (2)    An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

    (3)    An employer is prohibited from discharging or in any other way discriminating against any person, whether or not an employee, for opposing or complaining about any unlawful practice under the FMLA.

    (4)    All persons, whether or not employers, are prohibited from discharging or in any other way discriminating against any person, whether or not an employee, because that person has —

---

[8] Civil Right Act of 1964, § 704(a), 42 U.S.C.A. § 2000e.

  (a) Filed any charge, has instituted, or caused to be instituted, any proceeding under or related to the FMLA;

  (b) Given, or is about to give, any information in connection with an inquiry or proceeding relating to any right under the FMLA; or

  (c) Testified, or is about to testify, in any inquiry or proceeding relating to a right under the FMLA.

40. Plaintiffs Fannie George and Geraldine Griffin assert claims for violation of FMLA by Defendants.

## V.
## DAMAGES

Plaintiffs hereby adopt and incorporate by reference the preceding paragraphs as if fully set forth herein.

41. The actions of the Defendants resulted in (1) tangible employment actions, termination, constructive termination, disparate treatment and an abusive work environment that caused discernable injury to Plaintiffs' emotional state (including physical manifestations, stress and humiliation); distraction from employees' job performance; (2) discouraged the Plaintiffs from remaining on the job; (3) prevented Plaintiffs from advancing their careers and/or (4) was extremely severe and pervasive.

42. Further, the Defendants' actions referenced above resulted in and/or proximately caused the Plaintiffs' damages which include, but are not limited to the following:

  a. Back Pay

  b. Front Pay

  c. Lost Employee Benefits (past and future) including, but not limited to, sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidiaries, bonuses, monetary losses incurred as a result of the loss of health, life, dental or similar insurance coverage;

    d.        Compensatory Damages (past and future) including, but not limited to, pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

## VI.
## PUNITIVE DAMAGE CLAIM

43.    Plaintiffs hereby adopt and incorporate by reference the preceding paragraphs as fully set forth herein.

44.    Clearly and convincingly the Defendants acted with malice or evil motive or intent or with reckless or callous indifference to the rights of Plaintiffs to be free from racial discrimination to harassment.[9]

45.    Defendants Friendship Haven, Inc., Friendship Haven Nursing Centers, Inc. and Healthcare Services Group, Inc. (The "corporate defendants") are liable for punitive damages for the individual Defendants as Defendants were employed in a position of managerial capacity; and were acting within the scope of his employment; and Defendants acted with malice or reckless indifference towards the federally protected rights of Plaintiffs to be free from racial harassment and discrimination.[10] Further, the corporate defendants failed to make a good faith effort to comply with anti-discrimination laws. As such, the corporate and individual defendants are all liable for the punitive damages.

## VII.
## TEXAS COMMON LAW CLAIMS AND RESPONDEAT SUPERIOR

Plaintiffs adopt and incorporate by reference the preceding paragraphs as if fully set forth herein.

---

[9]     42 U.S.C. § 1981 a(b)(i); *Kolstad v. American Dental Association*, 527 U.S. 526, 535-536 (1999).

[10]     42 U.S.C.A. §2000e; *Kolstad v. American Dental Association*, 527 U.S. 526, 535-545 (1999), 119 S.Ct. 2118, 2124-2125

A.  **Intentional Infliction of Emotional Distress**

46. In addition to and without waiving any of the above allegations, the conduct of the Defendants, their agents, employees and/or representatives, constitutes intentional infliction of emotional distress upon the Plaintiff, as that term is recognized under Texas common law.

47. Intentional infliction of emotion distress occurs when the Defendant acts intentionally or recklessly with extreme and outrageous conduct to cause the Plaintiff emotion distress and the emotional distress suffered by Plaintiffs were severe.

48. "Extreme and outrageous conduct" occurs only when the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

49. Specifically, the Defendants, their agents, employees and/or representatives, engaged in conduct of which the Plaintiffs complain were intentional and/or with reckless regard for the consequences, much less the harm, it caused.

50. As a result of the above-referenced conduct of the Defendants, their agents, employees and/or representatives, the Plaintiff suffered emotional and physical distress, including but not limited to, shame, grief, humiliation, embarrassment, anger, extreme mental anguish with physical and emotional manifestation and worry, which continues into the present.

51. The Defendants', their agents, employees and/or representatives, conduct was the proximate cause of the severe emotional distress suffered in the past and likely to be suffered by the Plaintiffs in the future.

B.  **Negligence Per Se/Negligent Hiring & Retention**

52. At all times relevant to these violations, Defendant' their agents, employees and/or representatives, where employed as supervisors by one of the corporate defendants named herein and

the acts occurred during work hours at the work place. The corporate defendants failed to adequately train and/or supervise and negligently hired and/or retained the individual defendants, their agents, employees and/or representatives. As a result, the Plaintiffs suffered damages proximately caused by said failure to train and supervise, which are far in excess of the minimal jurisdictional limits of this Court.

### C.     Common Law Respondeat Superior

53.     An employee is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished. An employee is acting in the scope of his employment if he is acting in furtherance of business of his employer. At all times relevant to this action, Defendants their agents, employees and/or representatives, were employees acting in the scope of employment with the corporate defendants

54.     Specifically, one or more of the corporate defendants implemented, officially and/or unofficially, a program to discriminate against African Americans. This program of discrimination manifested itself in intimidation, ridicule, inhumane conditions, multiple, yet contradictory demands of performance, ostracision, harassment and sudden unexpected terminations to enforce this policy of discrimination. As such, Defendants their agents, employees and/or representatives, acted in the course and scope of their employment when committing the offenses of discrimination, harassment and intentional infliction of emotional distress. Therefore, the corporate defendants are vicariously liable for the acts committed by all defendants, their agents, employees and/or representatives.

### D.     Common Law Claims for Punitive Damages

55.     Based on clear and convincing evidence, Defendants, their agents, employees and/or representatives, as described in the preceding paragraphs, harm attributed to Plaintiffs resulted from

malice and/or a specific intent by Defendants, their agents, employees and/or representatives, to cause substantial injury to Plaintiffs. Additionally, Defendants, their agents, employees and/or representatives, committed acts or omissions which, when measured objectively from the standpoint of Defendants, their agents, employees and/or representatives, at the time of occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Defendants, , their agents, employees and/or representatives, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to rights, safety or welfare of others.

### E.  Common Law Imputation of Punitive Damages to Corporate Defendants

56. The principal or master is liable for punitive damages arising out of acts, including criminal acts, of its employee if:

(1) the principal authorized the doing and the manner of threat;

(2) the agent was unfit and the principal acted with malice in employing or retaining him;

(3) the agent was in employed in a managerial capacity and was acting in the scope of employment; or

(4) the employer or a manger of the employer ratified or approved the act.

57. Accordingly, the corporate defendants are liable for the punitive damages assessed against the individual Defendants.

### VIII.
### CONDITIONS PRECEDENT

Plaintiffs hereby adopt and incorporate by reference the preceding paragraphs as if fully set forth herein.

58. Any and all of the required conditions precedent have been performed or have

occurred.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS** pray for the following relief and damages from **DEFENDANTS** which include:

- A.  Judgment against the Defendants for actual damages;
- B.  Prejudgment interest at the maximum amount provided by law;
- C.  Post-judgment interest at the maximum amount provided by law;
- D.  Costs of suit;
- E.  Attorneys fees;
- F.  Exemplary/Punitive damages; and,
- G.  Such other and further relief to which Plaintiffs may be justly entitled, at law or in equity.
- H.  Injunctive relief.

Respectfully submitted,

COLLINS, O'NEAL & SWOFFORD, PLLC

*[signature]*

Wayne D. Collins
**Attorney-in-Charge**
State Bar No. 00796384
Southern Dist of Texas No. 21258
Perkins Station, Suite E
100 Perkins Avenue
League City, Texas 77573
Telephone: (832) 632.2761
Facsimile: (832) 632.2970

OF COUNSEL:

Shana O'Neal
State Bar No. 24006944
**COLLINS , O'NEAL & SWOFFORD, PLLC**
Perkins Station, Suite E
100 Perkins Avenue
League City, Texas 77573
Telephone: (832) 632.2761
Facsimile: (832) 632.2970